IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANA D. MECKSTROTH BROWN )
)
v. ) No. 3:17-1147
)
COMMISSIONER, SOCIAL SECURITY )
ADMINISTRATION[1] )

To: The Honorable Waverly D. Crenshaw, Chief District Judge

# REPORT AND RECOMMENDATION

Currently pending is Plaintiff's motion for judgment on the administrative record. *See* Docket Entry ("DE") 15. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was "not disabled," and therefore not entitled to Supplement Security Income ("SSI"). (*See* Administrative Record, DE 14, at 21-23).[2] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for initial consideration and a report and recommendation. *See* DE 4.

---

[1] Nancy A. Berryhill was the Acting Commissioner of Social Security beginning January 23, 2017. However, her acting status ended as a matter of law pursuant to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq*. Pursuant to Fed. R. Civ. P. 17(d), a public officer who is sued in an official capacity may be designated by official title rather than by name. Since Ms. Berryhill is no longer the Acting Commissioner, the Clerk is DIRECTED to identify Defendant by the official title rather than by name.

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr." followed by the corresponding page number(s) as denoted by the large black print on the bottom right corner of each page.

Upon review of the administrative record and consideration of the parties' filings, I find no error that would necessitate remand in this case and therefore recommend that Plaintiff's motion for judgment on the administrative record (DE 15) be **DENIED.**

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI on August 2, 2013 due to alleged bipolar disorder, fibromyalgia, and a fractured thoracic spine,[3] with an onset date of April 4, 2000. (Tr. 78, 98).[4] Her application was denied initially and on reconsideration. (Tr. 78, 94). Pursuant to her request for a hearing before an ALJ, Plaintiff appeared with counsel and testified at a hearing before ALJ H. Scott Williams on March 7, 2016. (Tr. 45). On March 29, 2016, the ALJ denied the claim. (Tr. 21-23). On February 3, 2017, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (Tr. 1-4); therefore, the ALJ's decision stands as the final determination of the Commissioner.

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since May 31, 2013, the amended onset date.

2. The claimant has the following severe impairments: osteoarthritis in the spine; history of multiple fractures; disc space narrowing with back pain; affective disorder; bipolar disorder; substance abuse disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that she is able to understand, remember, carry out, and maintain concentration and persistence for simple and detailed low level and multilevel tasks. She can respond appropriate [sic] to and interact with

---

[3] The record also revealed a history of alcohol and drug abuse. (Tr. 98).

[4] This was later amended to May 31, 2013. (Tr. 24).

supervisors, coworkers, and the general public, on an occasional basis and can have interaction with supervisors for no more than one third of an eight hour day. Occasional is defined as zero up to one third of an eight-hour day. She is able to adapt to usual work situations and to occasional changes in the work setting.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on August 2, 1961 and was 52 years old, which is defined as an individual approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because the claimant has no pas[t] relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 2, 2013, the date the application was filed (20 CFR 416.920(g)).

(Tr. 26-34).

On appeal, Plaintiff submits that the ALJ erred by failing to find that Plaintiff meets Listings 12.04 or 12.09. DE 16 at 5-6. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded for further administrative proceedings. *Id*. at 7.

## II. ANALYSIS

**A. Standard of Review**

On appeal, the Court is charged with determining whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d

3

Case 3:17-cv-01147   Document 18   Filed 05/29/18   Page 3 of 14 PageID #: 584

842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As explained by the Sixth Circuit:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. § 416.920(a). If the issue of disability can be resolved at any point in the evaluation process, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. § 416.920(a)(4). At step one, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's RFC and determines whether the claimant can still perform past relevant work; and at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*. §§ 416.920(a)(4)(i)-(v).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is deemed "not disabled" and the ALJ need not complete the remaining steps of the

4

sequential analysis. *Id.* § 416.920(a). "Past relevant work" is defined as work that claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 416.960(b); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). If the claimant is incapable of performing past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. In determining a claimant's RFC, the ALJ is required to consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The Commissioner's Decision

The ALJ resolved the current Plaintiff's claim at step five of the five-step process. Although Plaintiff was found to have met the first two steps, the ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and was therefore not presumptively disabled. At step four, the ALJ found that Plaintiff had no

5

Case 3:17-cv-01147   Document 18   Filed 05/29/18   Page 5 of 14 PageID #: 586

past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform medium work with express limitations to account for her severe impairments, and that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform despite such limitations. (Tr. 26-34).

**C. Assertions of Error**

### 1. Listings 12.04 and 12.09.[5]

The listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1 describe a number of conditions that the Commissioner "considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (internal citation omitted). The claimant has the burden of demonstrating that she meets or equals all of the criteria of a particular listing. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). It is not sufficient that the claimant "comes close to meeting the requirements." *See Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

To find that a claimant is disabled under Listing 12.04 (affective disorders), two separate types of criteria, known respectively as paragraph A and paragraph B, must be met.[6] Paragraph A of the listing includes specific clinical findings that must be present, while paragraph B "describes those functional limitations associated with mental disorders which are incompatible

---

[5] The Social Security Administration has amended Listing 12.04 and removed Listing 12.09 from 20 C.F.R. Part 404, Subpart P, Appendix 1 since the time of Plaintiff's application. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.09 (*see* 80 FR 48248 for version in effect from August 12, 2015-May 23, 2016). However, the ALJ's decision was entered in March of 2016, therefore the Court will consider and reference the previously applicable versions of 12.04 and 12.09 in this Report and Recommendation. *See Combs*, 459 F.3d at 642 ("The Act does not generally give the [Commissioner] the power to promulgate retroactive regulations.").

[6] Plaintiff does not argue that her condition satisfies the paragraph C criteria, which represents an alternative means of meeting the listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04.

6

with the ability to work." *Buress v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 141 (6th Cir. 1987). To satisfy the paragraph B criteria, the claimant must demonstrate that her mental disorder results in at least two of the following four conditions: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(B).[7]

Listing 12.09 (substance addiction disorders) is unique in that it operates exclusively as a "reference listing," meaning that it will "only serve to indicate which of the other listed mental or physical impairments must be used to evaluate the behavioral or physical changes resulting from regular use of addictive substances." *Id.* § 12.00. More precisely, substance addiction disorder is evaluated only in relation to one or more of the other nine impairments designated in Listing 12.09, four of which involve mental disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.09(A)-(D).[8] Each of the four mental disorders must be evaluated under criteria contained in a separate corresponding listing, although the paragraph B criteria are the same for each of these listings. *See id.* §§ 12.02, 12.04, 12.06, 12.08. Therefore, because Plaintiff's lone assertion of error alleges that the ALJ erred by finding that her mental conditions did not satisfy "the B criteria of 12.04 and 12.09" (DE 16 at 6), the Court need only address whether there is substantial evidence to support the ALJ's finding that her condition does not satisfy Listing 12.04's paragraph B criteria.

---

[7] "Marked" denotes a limitation that is "more than moderate but less than extreme," and may be found when "several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(1).

[8] The conditions are identified as organic mental disorders, depressive syndrome, anxiety disorder, and personality disorder. *Id.* § 12.09(A)-(D).

7

Unfortunately for Plaintiff, her argument, which resembles a claim that the ALJ erred by finding that her allegations were not entirely credible, fails to demonstrate that the ALJ committed any reversible error. The ALJ concluded that Plaintiff experiences only moderate restriction in activities of daily living and social functioning based on a function report in which she confirmed the ability to maintain a "super" nutritional diet,[9] perform household chores, drive, and shop. (Tr. 27, 201-02). Plaintiff disputes this finding by mistakenly claiming that the ALJ "completely disregarded the claimant's testimony" (DE 16 at 6), despite the ALJ's explicit discussion of the very testimony allegedly omitted. (*See* Tr. 29-30). Indeed, the ALJ clearly weighed Plaintiff's allegations against the evidence of record in his analysis, which included a detailed explanation for finding that Plaintiff's statements regarding the severity of her symptoms "are not entirely consistent with the evidence." (*See* Tr. 30-31).[10] Plaintiff therefore appears to argue that the ALJ should have granted more deference to her administrative hearing testimony and simply neglected the statements she proffered in the function report. As correctly noted by Defendant, however, the Court is not in a position to determine which of Plaintiff's allegations should have been accorded greater weight. *Dalton v. Sec'y of Health & Human Servs.*, 908 F.2d 973 (6th Cir. 1990) ("[T]his court may not reweigh the evidence or substitute its

---

[9] Plaintiff states in the function report that she "eat[s] super nutritionally similar to [the] Paleo diet." (Tr. 201).

[10] The ALJ does not explicitly identify a "credibility" determination in the opinion, but instead states that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the evidence for the reasons explained in this decision." This is perhaps explained by the Commissioner's decision to rescind Social Security Ruling ("SSR") 96-7p, which delineated the situations in which the ALJ was required to make a determination with respect to a claimant's credibility, just 13 days before the ALJ issued his decision (*see* 2016 WL 1119029 (March 16, 2016)), and implement a replacement ruling that became effective the day before the decision was entered. *See* SSR 16-3p, 2016 WL 1237954, at *1 (March 24, 2016) ("This SSR is effective on March 28, 2016.").

8

own judgment for that of the [Commissioner], even if it concludes that a preponderance of the evidence goes against the [Commissioner's] decision.").

Even if the ALJ had failed to reference portions of Plaintiff's testimony, such an omission would not necessarily rise to the level of reversible error. *See Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 664 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."). The Sixth Circuit has made clear that the ALJ is not required to "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems–Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)). The ALJ highlighted numerous discrepancies in Plaintiff's testimony, including inconsistent allegations pertaining to drug and alcohol use, noncompliance with her prescription medication regimen, and examination findings that conflicted with her allegations of disabling symptoms. (Tr. 30-32). Such inconsistency led the ALJ to conclude that Plaintiff's allegations were not credible (Tr. 30, 33), a finding that must be given significant deference by a reviewing court. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016) ("While in theory we will not disturb an ALJ's credibility determination without a compelling reason ... in practice ALJ credibility findings have become essentially unchallengeable.") (internal citations and quotations omitted). Plaintiff thus fails to identify any basis on which the ALJ's decision might be reversed.[11]

Plaintiff additionally cites no medical evidence in the record to support her administrative hearing testimony regarding the severity of her alleged mental symptoms. Plaintiff instead relies

---

[11] Notably, Plaintiff fails to cite any regulation, ruling, or other authority in support of her position.

solely on her own testimony to establish satisfaction of the paragraph B criteria, a position that is specifically rejected by the relevant regulations. *See* 20 C.F.R. § 416.929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."). Accordingly, Plaintiff's general statement that her testimony "is clearly consistent with her mental health records" represents little more than a request for the Court to embark on a fishing expedition to find evidence to support her allegations, which the undersigned declines to do. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal citation omitted).

Similarly, Plaintiff states broadly that "it is evident from the medical source statement[s] of Frank Bunner and Brandee Madden that the Claimant meets the B criteria of 12.04 and 12.09." DE 16 at 6. Mr. Bunner, a marriage and family therapist, opined that Plaintiff was markedly limited in numerous areas of mental functioning (*see* Tr. 8-10), while Ms. Madden, a nurse practitioner, found that Plaintiff was moderately limited in her ability to understand and remember instructions, carry out simple instructions, and make judgments on simple work-related decisions, and markedly limited in all remaining mental functioning categories. (*See* Tr 41-43). Plaintiff fails, however, to acknowledge that Mr. Bunner's medical source statement ("MSS") was completed several months *after* the administrative decision was issued, and was therefore unavailable to the ALJ. (*See* Tr. 8-10, 35). Ms. Madden's MSS was completed just six days before the ALJ issued his opinion (*see* Tr. 41-43), although it appears to suffer from the same deficiency since there is no indication that the MSS was received by the ALJ prior to entry of the opinion. Defendant correctly notes that this precludes the Court from reviewing either of

10

the opinions. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 472 (6th Cir. 2014) ("We have repeatedly refused to consider evidence submitted after the ALJ issued his decision when reviewing that decision for substantial evidence under 42 U.S.C. § 405(g)."). Plaintiff offers no argument to overcome this prohibition.

The record instead indicates that Plaintiff submitted these opinions to the Appeals Council following the ALJ's decision. (*See* Tr. 1-4). However, the Appeals Council declined to consider the opinions, noting that such evidence "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." (Tr. 2). The undersigned is therefore prohibited from considering these opinions in determining whether to affirm or modify the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g). *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).[12]

There is a notable exception to this bar contained in sentence six of 42 U.S.C. § 405(g), which states the following:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

However, Plaintiff makes no attempt to demonstrate that the opinions of either Mr. Bunner or Ms. Madden are "material" or that there is "good cause" for not presenting such evidence earlier, which is her burden. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 278 (6th Cir. 2010). Indeed, Plaintiff fails to even identify which of the multiple criteria contained in paragraph B of Listing 12.04 are allegedly satisfied by these MSS opinions. The Court therefore finds that any argument in Plaintiff's brief that could be construed as a request for remand under sentence six

---

[12] Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

11

has been waived. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e decline to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record[.]").

Finally, even assuming that Plaintiff has carried her burden of demonstrating that the MSS opinions were new, material, and that there was good cause for failing to submit them in the prior proceeding, and that Plaintiff has properly requested remand under sentence six, neither Mr. Bunner nor Ms. Madden represents an "acceptable medical source" that can establish the existence of a medical impairment. *See* SSR 06-03p, 2006 WL 2329939, at *2 (August 9, 2006) (noting that therapists and nurse practitioners are "other sources" that cannot establish the existence of medically determinable impairment).[13] While opinions from such sources are certainly probative with respect to the severity of and functional effects caused by a condition, *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007), Mr. Bunner and Ms. Madden based their findings largely on Plaintiff's subjective complaints concerning her symptoms,[14] which, in light of the ALJ's finding that Plaintiff's allegations were not consistent with the evidence (*see* Tr. 30), weighs against their ultimate conclusions. *Cf. Wyatt v. Comm'r of Soc. Sec.*, No. 1:16-cv-938, 2017 WL 3224666, at *4 (S.D. Ohio July 31, 2017), *report and recommendation adopted*, 2017 WL 4349115 (S.D. Ohio Sept. 29, 2017) ("The ALJ may ... reject medical opinions based on the patient's self-reports where the reports themselves lack credibility or where the claimant is not credible."). Consequently, there is no reason to believe that reversing the ALJ's decision and remanding for consideration of these MSS opinions would

---

[13] SSR 06-03p was rescinded effective March 27, 2017, but applied at the time of Plaintiff's claim and the ALJ's decision.

[14] Ms. Madden repeatedly noted that the factors supporting her conclusions were based on Plaintiff's "reports" (Tr. 42), while Mr. Bunner's opinions were "[b]ased on [Plaintiff's] claims and my observations." (Tr. 9).

12

yield a different result, thus rendering futile any argument based on such evidence. *Cf. Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.") (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)).

The Sixth Circuit has held that the courts may not "second-guess" an ALJ's conclusions as long as they are supported by "substantial, legitimate evidence." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). The ALJ provided ample justification for finding that Plaintiff's condition does not satisfy all of the paragraph B criteria of Listings 12.04 and 12.09, and thus appropriately concluded that the requirements of the listings were not met. *See Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 891, 107 L. Ed. 2d 967 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). Plaintiff identifies no reasonable flaw in the ALJ's analysis, but instead suggests haphazardly that two "other source" opinions that were unavailable to the ALJ establish satisfaction of the paragraph B criteria. This argument falls woefully short of demonstrating that the ALJ's opinion lacks the support of substantial evidence. *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 540 (6th Cir. 2014) ("Merely marshalling evidence to suggest that he is disabled, however, is insufficient; to prevail on appeal, [the claimant] must demonstrate that the ALJ's determination that he was not disabled is not supported by substantial evidence."). Accordingly, the Court rejects Plaintiff's assertion of error.

## III. CONCLUSION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 15) be DENIED and the Commissioner's decision be AFFIRMED.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b).

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

14

Case 3:17-cv-01147   Document 18   Filed 05/29/18   Page 14 of 14 PageID #: 595